UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MICHAEL DWECK,                                          :
                                                        :
                          Plaintiff,                    :
                                                        :      10 Civ. 2577 (RMB) (HBP)
               - against -                              :
                                                        :      **ORDER**
DIANA AMADI and MALIBU DENIM CO.,                       :
                                                        :
                          Defendants.                   :
---------------------------------------------------------------x

**I.     Background**

On March 22, 2010, Michael Dweck ("Plaintiff") filed a complaint, pursuant to the Copyright Act, 17 U.S.C. § 101, et seq., alleging that Diana Amadi and Malibu Denim Co. (collectively, "Defendants") willfully infringed on Plaintiff's copyrighted photograph, entitled "Sonya, Poles, Montauk, NY 2002" (the "Image") by using the Image in "advertising, promotion and sales of its jeans" since approximately 2009.  (Compl., dated Mar. 22, 2010, ¶¶ 11, 17.)  On January 25, 2011, the Court entered default judgment against Defendants for "having failed to answer the Complaint or otherwise appear."  (Default Judgment, dated Jan. 25, 2011, at 1.)

On January 25, 2011, the Court also referred the matter to United States Magistrate Judge Henry B. Pitman for an inquest as to damages and attorney's fees.  By order, dated February 7, 2011, Judge Pitman directed the parties to submit proposed findings of fact and conclusions of law and noted that "[i]f Defendants fail to respond . . . it is my intention to issue a report and recommendation concerning damages on the basis of Plaintiff's written submissions alone without an in-court hearing."  (Order, dated Feb. 7, 2011, at 1–2 (citing Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989)).)  On or about April 7, 2011, Plaintiff filed proposed findings of fact and conclusions of law along with supporting affidavits

seeking $150,000 in statutory damages, $60,000 in attorney's fees, costs, and an injunction against further infringement.  (See Pl. Proposed Findings, dated Apr. 7, 2011, ¶ 41; see also 17 U.S.C. § 504(c)(2).)  Defendants have not responded.

On July 26, 2011, Judge Pitman issued a thorough report and recommendation ("Report"), recommending that Plaintiff be awarded "statutory damages in the amount of $100,000, with prejudgment interest calculated from the date of the filing of the action, and costs and disbursements in the amount of $450.00;" that Plaintiff's request for attorney's fees be denied without prejudice to renewal because "[P]laintiff's counsel has provided no information about the experience or expertise of the attorneys involved in the matter or the prevailing market rates for the type of work performed," and "that a permanent injunction be entered, enjoining [Defendants] from further infringement of the Image."  (Report at 19, 22.)

The Report advised that "the parties shall have fourteen (14) days from receipt of this Report to file written objections."  (Report at 22–23.)  To date, neither party has filed objections to the Report.

**For the reasons set forth below, the Report is adopted in its entirety.**

**II.     Legal Standard**

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous.  See Fed. R. Civ. P. 72(b); DeLeon v. Strack, 234 F.3d 84, 86–87 (2d Cir. 2000); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007).  A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations of a magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); DeLeon, 234 F.3d at 86–87.

**III.   Analysis**

The facts set forth in the Report are incorporated herein by reference unless otherwise noted.

Having conducted a review of the Report and applicable legal authorities, the Court finds that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Pitman concluded that Plaintiff "is entitled to an award of statutory damages of $100,000 [because] Defendants acted willfully . . . , which demonstrates that an award at the higher end of the range of permissible damages is appropriate." (Report at 12–14); see Engel v. Wild Oats, Inc., 644 F. Supp. 1089, 1092 (S.D.N.Y. 1986). He also concluded that Plaintiff is entitled to an award of prejudgment interest, costs in the amount of $450, and a permanent injunction. (Report 15, 21, 22); see Ingersoll Mill Mach. Co. v. M/V Bodena, 829 F.2d 293, 311 (2d Cir. 1987); Island Software & Computer Serv., Inc. v. Microsoft Corp., No. CV-01-750, 2006 WL 1025915, at *2 (E.D.N.Y. Apr. 13, 2006).

Judge Pitman also concluded that Plaintiff's counsel's failure to submit "satisfactory evidence" in support of its "considerable" fees request, makes it "impossible to determine whether a reasonable, paying client would be willing to retain their services at the rates they seek." (Report at 19–20); Farbotko v. Clinton Co., 433 F.3d 204, 209–09 (2d Cir. 2005) ("[T]he fee applicant has the burden of showing 'satisfactory evidence.'"). Judge Pitman denied Plaintiff's request for attorney's fees "without prejudice to renewal."

**IV.   Conclusion and Order**

For the reasons stated herein and therein, the Court adopts the Report in its entirety. The Clerk of the Court is respectfully requested to enter judgment awarding Plaintiff the amount of

$100,000, prejudgment interest calculated from March 22, 2010 to entry of judgment, costs in the amount of $450, and permanently enjoining Defendants from further infringement of the Image. Plaintiff's request for attorney's fees is denied without prejudice. Any further submission may be made directly to Judge Pitman.

The Clerk is further directed to close this case.

Dated: New York, New York
      August 29, 2011

*Richard M. Berman*
**RICHARD M. BERMAN, U.S.D.J.**