```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MICHAEL DWECK,                      :

                Plaintiff,          :   10 Civ. 2577 (RMB)(HBP)

   -against-                        :   REPORT AND
                                        RECOMMENDATION
DIANA AMADI and MALIBU              :
DENIM CO.,
                                    :
                Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States District Judge:

TO THE HONORABLE RICHARD M. BERMAN, United States District Judge,

I. Introduction

By notice of motion dated November 1, 2011 (Docket Item 37), plaintiff moves an award of attorney's fees in this copyright infringement action pursuant to 17 U.S.C. § 505. For the reasons set forth below, I respectfully recommend that plaintiff be awarded $11,242.50 in attorney's fees.

II. Facts

This is a copyright infringement action arising out of defendants' unauthorized use of a photograph for which plaintiff

owns the copyright.  As set forth in my Report and Recommendation dated July 26, 2011 (Docket Item 34), Plaintiff Michael Dweck is a professional art photographer whose work has appeared in publications such as Vogue, GQ, Vanity Fair, and Esquire. Plaintiff's work has been exhibited in galleries around the world (Complaint (Docket Item 1) ("Compl."),[1] ¶¶ 2, 8; Declaration of Edward C. Greenberg, Esq., dated March 30, 2011 (Docket Item 30), ¶ 7).  Among plaintiff's copyrighted photographic works is a photographic image entitled "Sonya, Poles, Montauk, NY 2002" ("The Image").  The Image depicts a young, naked woman holding a surfboard and running down a beach and appears on the cover of plaintiff's book, The End: Montauk N.Y. (Compl. ¶ 11).  The United States Copyright Office issued Copyright Registration No. TX0006433027 to plaintiff on June 1, 2006 for The End: Montauk, N.Y., which includes The Image (Compl. ¶ 12).

---

[1] As a result of defendants' default, all the allegations of the Complaint, except as to the amount of damages, must be taken as true.  Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 70 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973); Robinson v. Sanctuary Record Grps., Ltd., 542 F. Supp. 2d 284, 289 (S.D.N.Y. 2008) (Marrero, D.J.), rev'd on other grounds, 383 F. App'x 54 (2d Cir. 2010); Wing v. E. River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995); Deshmukh v. Cook, 630 F. Supp. 956, 959 (S.D.N.Y. 1986) (Conner, D.J.).

Commencing in or around 2009, defendants, who manufacture and sell garments, began using The Image on their hangtags, without the plaintiff's permission.  As a result, plaintiff commenced this action for copyright infringement.

Although validly served, defendants did not appear or answer in this matter, and on January 25, 2011, the Honorable Richard M. Berman issued a default judgment in favor of plaintiff.  The matter was subsequently referred to me to conduct an inquest and to determine plaintiff's damages.  After providing appropriate written notice to all parties, I conducted an inquest on the basis of plaintiff's written submissions (defendants did not submit any papers) and issued a Report and Recommendation dated July 26, 2011 (Docket Item 34), recommending that plaintiff be awarded $100,000 in damages and $450 in costs and disbursements.  With respect to attorney's fees, my July 26, 2011 Report and Recommendation denied plaintiff's request for attorneys fees because plaintiff had not submitted any evidence concerning the experience of his attorneys and, therefore, I had no basis on which to assess the reasonableness of the hourly rate sought by the attorneys.

In the present motion, plaintiff attempts to fill the lacuna is in his previous application for fees and has now

3

submitted evidence concerning the expertise and experience of his attorneys.

III.  Analysis

    A.  Plaintiff's Recoverable Fees Are Limited to the Documented Time Charges

To their credit, plaintiff's counsel candidly admits that they did not record all the time they spent on plaintiff's case because they represented plaintiff on a contingency basis (Declaration of Edward C. Greenberg, Esq., dated November 1, 2011 (Docket Item 38) ("Greenberg Decl."), ¶ 22).  Accordingly, the sum plaintiff seeks to recover as attorney's fees exceeds the product of hours reflected in the time records submitted and the hourly rates sought.

In New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983), the Court of Appeals held:

> [T]he difficulties raised by the lack of contemporane-
> ous records in this case convince us of the need to
> announce for the future that contemporaneous time
> records are a prerequisite for attorney's fees in this
> Circuit.  See Hensley v. Eckerhart, --- U.S. ---, ---,
> 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983) (Burger,
> C.J., concurring).  Now that Congress has enacted more
> than 120 statutes authorizing the award of attorney's
> fees, see Attorney's Fee Awards Reporter, Oct. 1982, at
> 2-3, and litigation over attorney's fees has itself

>become a significant addition to the legal landscape, see generally id., we think it appropriate to convert our previously expressed preference for contemporaneous time records, McCann v. Coughlin, 698 F.2d 112, 131 (2d Cir. 1983); In re Hudson & Manhattan R.R. Co., 339 F.2d 114, 115 (2d Cir. 1964), into a mandatory requirement, as other Circuits have done, see National Ass'n of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982); 5th Cir.R. 22.2, reprinted in 693 F.2d No. 3, at lxxiii (Jan. 10, 1983); see also E. Larson, supra, at 281 (recommending that all litigating attorneys keep daily time records); cf. A. Miller, Attorneys' Fees in Class Actions 344-45 (Federal Judicial Center 1980) (recommending trial court require time sheets at pretrial conference). Hereafter, any attorney -- whether a private practitioner or an employee of a nonprofit law office -- who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done.

The continuing vitality of Carey was recently reaffirmed in Scott v. City of New York, 626 F.3d 130 (2d Cir. 2010), appeal after remand, 643 F.3d 56 (2d Cir. 2010), in which the Court of Appeals confirmed that where a party is attempting to recover fees under a fee shifting statute, with very limited exceptions[2] (none of which are applicable here), the party seeking fees must submit contemporaneously prepared time records supporting the fee application and that, in the absence of such a submission, a

---

[2]The Court cited several situations that might obviate the need for contemporaneously prepared time record. However, the common element of all such exceptions was the fortuitous loss of the records through accident. Scott v. City of New York, supra, 626 F.3d at 134.

5

party can recover fees only for contemporaneously documented time that counsel was physically present before the district court.[3] Scott v. City of New York, supra, 643 F.3d at 59.  The Court of Appeals expressly rejected the argument that a court could excuse a party's failure to submit contemporaneous time records and rely on its own observations and opinions in assessing attorney's fees.  Scott v. City of New York, supra, 643 F.3d at 58-59).

Because plaintiff here submits no evidence and makes no argument that would justify a departure from the requirement of documented time records, plaintiff's potential recovery is limited to those fees for which he has submitted time records. To the extent plaintiff seeks fees greater than the product of the hours for which time records have been submitted and the hourly rates sought, Carey and Scott preclude the relief requested.

---

[3] The Second Circuit also noted that where an attorney seeks to recover fee based on his documented time in court, "the onus of gathering the applicable docket entries and other court records, if any, is on the applying attorney, not the district court."  Scott v. City of New York, supra, 643 F.3d at 59

    B.   Plaintiff's
        <u>Fee Application</u>

       1.   Reasonable
           <u>Hourly Rate</u>

In calculating attorneys' fee awards, "[b]oth [the Second Circuit] and the Supreme Court have held that the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case -- creates a 'presumptively reasonable fee.'" <u>Millea v. Metro-North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011), <u>citing</u> <u>Perdue v. Kenny A. ex rel. Winn</u>, 556 U.S. 1165, ----, 130 S.Ct. 1662, 1673 (2010) <u>and</u> <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany</u>, 522 F.3d 182, 183 (2d Cir. 2008).

The hourly rates used in determining a fee award should be "what a reasonable, paying client would be willing to pay." <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany</u>, <u>supra</u>, 522 F.3d at 184.  This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 895-96 n.11 (1984); <u>accord</u> <u>Reiter v. MTA New York City Transit Auth.</u>, 457 F.3d 224, 232 (2d Cir. 2006).  In determining a reasonable hourly rate, the court should not only consider the rates approved in

other cases in the District, but should also consider any evidence offered by the parties. Farbotko v. Clinton Cnty. of New York, 433 F.3d 204, 208-09 (2d Cir. 2005). The court is also free to rely on its own familiarity with prevailing rates in the district. A.R. ex rel. R.V. v. New York City Dep't of Educ., 407 F.3d 65, 82 (2d Cir. 2005); Miele v. New York State Teamsters Conf. Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

"The Second Circuit has [also] held that in determining the reasonable hourly rate, district courts should [] assess case-specific considerations, including the factors articulated by the Fifth Circuit in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93 . . . (1989)."[4] See Dunn v. Advanced Credit Recovery, Inc., 11 Civ. 4023 (PAE)(JLC), 2012 WL 676350 at *5 (S.D.N.Y. Mar. 1, 2012) (Cott, M.J.) (Report & Recommendation), adopted, 2012 WL 1114335 (S.D.N.Y. Apr. 3,

---

[4] The factors set forth in Johnson v. Ga. Highway Express, Inc. include:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the attorney's customary fee; (6) whether the attorney's fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client and (12) awards in similar cases.

2012) (Englemayer, D.J.). However, because of "the 'presumptive reasonability' of the lodestar method . . . 'absent extraordinary circumstances, failing to calculate it as a starting point is legal error.'" T.K. ex rel. L.K. v. New York City Dept. of Educ., 11 Civ. 3964 (JPO), 2012 WL 1107660 at *5 n.4 (S.D.N.Y. Mar. 30, 2012) (Oetken, D.J.), quoting Millea v. Metro-North R.R. Co., supra, 658 F.3d at 166.

Thus, I first use the lodestar method to calculate the attorneys' fees to be awarded in this case, and then, if necessary, I will adjust that award should any case-specific considerations require such a result. See Dunn v. Advanced Credit Recovery, Inc., supra, 2012 WL 676350 at *5 n.8; Ceglia v. Zuckerberg, No. 10-CV-005689A(F), 2012 WL 503810 at *4 n.6 (W.D.N.Y. Feb. 14, 2012).

In all cases, "the fee applicant has the burden of showing by 'satisfactory evidence -- in addition to the attorney's own affidavits' -- that the requested hourly rates are the prevailing market rates." Farbotko v. Clinton Cnty. of New York, supra, 433 F.3d at 209, quoting Blum v. Stenson, supra, 465 U.S. at 895-96 n.11. In determining reasonable hourly rates, a court should first examine the attorneys' experience. Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 475 (S.D.N.Y. 2009) (Holwell, D.J.), citing Marisol A. ex rel. Forbes

9

v. Giuliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (Ward, D.J.).

Plaintiff has submitted time records for two attorneys -- Richard Walker and Tamara Lannin -- and an unidentified paralegal.  Plaintiff seeks fees of $250 per hour for both Walker and Lannin and a fee of $75 per hour for the paralegal.

Plaintiff does not provide much specific information concerning either Walker or Lannin.  All I am told is that both have worked on numerous intellectual property litigations, both have drafted litigation-related papers, argued motions, conducted depositions and assisted at trial (Greenberg Decl. ¶ 12; Declaration of Tamara L. Lannin, dated Nov. 1, 2011 (Docket Item 39) ("Lannin Decl.") ¶ 5).  No other information is provided concerning either.

Although the background information for both attorneys information is sketchy, I find that $250 per hour is a reasonable rate for an experienced intellectual property attorney.  OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc., 09 Civ. 8665 (JGK)(FM), 2010 WL 5538552 at *3-*4 (S.D.N.Y. Dec. 6, 2010) (Maas, M.J.) (Report & Recommendation) (approving hourly rates of $395 to $435 for associates in intellectual property case), adopted, 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011); Design Tex Grp., Inc. v. U.S. Vinyl Mfg. Corp., 04 Civ. 5002 (JSR), 2005 WL 2063819 at *4 (S.D.N.Y. Aug.

24, 2005) (Rakoff, D.J.) (approving hourly rates of $180.00 to $265.00 for associates' work); Stevens v. Aeonian Press, Inc., 00 Civ. 6330 (JSM) 2002 WL 31387224 at *5 (S.D.N.Y. Oct. 23, 2002) (Martin, D.J.) (approving hourly rates of $215 to $330 for associate specializing in intellectual property); Yurman Designs, Inc. v. PAJ, Inc., 125 F. Supp. 2d 54, 58 (S.D.N.Y. 2000) (Sweet, D.J.) (approving hourly rate of $278.50 for an associate in a copyright and trademark infringement case).[5]

The paralegal who worked on the matter is described as a third-year law student and, subsequently, a law school graduate (Greenberg Decl. ¶ 13). I also conclude that $75 per hour is a reasonable rate for the paralegal's services. OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc., supra, 2010 WL 5538552 at *4.

Plaintiff makes no argument that would justify an upward adjustment of the hourly rate of the associates or the paralegal who worked in the matter.

---

[5]See also Nat'l Ass'n for the Specialty Food Trade, Inc. v. Construct Data Verlag AG, 04 Civ. 2983 (DLC)(KNF), 2006 WL 5804603 at *6 (S.D.N.Y. Dec. 11, 2006) (Fox, M.J.)(Report & Recommendation)(approving billing rates of $400 - $440 per hour for associate in trademark infringement case), adopted, 2007 WL 656274 (S.D.N.Y. Feb. 23, 2007); Gucci America, Inc. v. Duty Free Apparel, Ltd., 315 F. Supp. 2d 511, 525 (S.D.N.Y. 2004) (Marrero, D.J.)(approving billing rate of $290.00 per hour for an associate at a New York City law firm in trademark infringement case).

2. Reasonable
   Number of Hours

The Honorable Loretta A. Preska, United States District Judge, has summarized the factors to be considered in assessing the reasonableness of the hours claimed in a fee application:

> To assess the reasonableness of the time expended by an attorney, the court must look first to the time and work as they are documented by the attorney's records. See Forschner Group, Inc. v. Arrow Trading Co., Inc., No. 92 Civ. 6953 (LAP), 1998 WL 879710, at *2 (S.D.N.Y. Dec. 15, 1998). Next the court looks to "its own familiarity with the case and its experience generally . . . . Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court." AFP Imaging Corp. v. Phillips Medizin Sys., No. 92 Civ. 6211 (LMM), 1994 WL 698322, at *1 (S.D.N.Y. Dec. 13, 1994) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985))).
>
> *   *   *
>
> Finally, billing judgment must be factored into the equation. Hensley, 461 U.S. at 434; DiFilippo, 759 F.2d at 235-36. If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours. In re "Agent Orange" Products Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) (stating that "in cases in which substantial numbers of voluminous fee petitions are filed, the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'" (quoting Carey, 711 F.2d at 1146)); see also United States Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989) (approving a percentage reduction of total fee

>award to account for vagueness in documentation of certain time entries).

Santa Fe Natural Tobacco Co. v. Spitzer, 00 Civ. 7274 (LAP), 00 Civ. 7750 (LAP), 2002 WL 498631 at *3 (S.D.N.Y. Mar. 29, 2002) (Preska, D.J.); accord Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); see also Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998); Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 98 (2d Cir. 1997); Finch v. New York State Office of Children and Family Servs., 04 Civ. 1668 (SAS), 2012 WL 695419 at *3 & n.29 (S.D.N.Y. Mar. 5, 2012) (Scheindlin, D.J.); Sulkowska v. City of New York, 170 F. Supp. 2d 359, 365 (S.D.N.Y. 2001) (Schwartz, D.J.).

The party seeking fees bears the burden of establishing that the number of hours for which compensation is sought is reasonable.  See Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994), citing Hensley v. Eckerhart, supra, 461 U.S. at 437; Patrolmen's Benevolent Ass'n v. City of New York, 97 Civ. 7895 (SAS), 98 Civ. 8202 (SAS), 2003 WL 21782675 at *2 (S.D.N.Y. July 31, 2003) (Scheindlin, D.J.), citing Blum v. Stenson, supra, 465 U.S. at 897.

Plaintiff has submitted time records documenting 6 hours of work by Walker, 37.11 hours of work by Lannin and 6.2 hours of work for the paralegal who contributed to the matter. I have reviewed each entry and conclude that each time entry is reasonable with respect to the specific task described and that the time spent overall is reasonable with respect the nature of the case and the manner in which it has proceeded.  Thus, I also find that the overall number of hours expended is reasonable.

### 3. Calculation of Attorney's Fees

Accordingly, I find that plaintiff is entitled to recover a total of $11,242.50 in attorney's fees, calculated as follows:

<u>Richard Walker</u>:

    6.00  hours X $250 per hour = $ 1,500.00

<u>Tamara Lannin</u>:

    37.11 hours X $250 per hour = $ 9,277.50

<u>Paralegal</u>:

    6.2   hours X $75 per hour  = $   465.00

                          **TOTAL**     **$11,242.50**

IV.  Conclusion

Accordingly, for all the foregoing reasons, I find that plaintiff is entitled to recover attorney's fees in the amount of $11,242.50.

V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Richard M. Berman, United States District Judge, 500 Pearl Street, Room 1320, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Berman.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair

15

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        July 6, 2012

                                Respectfully submitted,

                                /s/ Henry Pitman
                                HENRY PITMAN
                                United States Magistrate Judge

Copies transmitted to:

Edward C. Greenberg, Esq.
Edward C. Greenberg P.C.
570 Lexington Avenue
17th Floor
New York, New York  10022

Ms. Diana Amadi
P.O. Box 8147
Calabasas, California  91372

Ms. Diana Amadi
6203 Variel Avenue
Los Angeles, California  90025

Malibu Denim
23777 Mulholland Highway SPC #140
Calabasas, California  91302-2716

Malibu Denim
P.O. Box 8147
Calabasas, California  91302

Malibu Denim
6203 Variel Avenue
Los Angeles, California  90025

Malibu Denim
1530 Camden Avenue, PH 2
Los Angeles, California   90025-8016