UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL DWECK,

        Plaintiff,

  -against-

DIANA AMADI and MALIBU
DENIM CO.,

        Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/12

10 Civ. 2577 (RMB) (HBP)

**DECISION & ORDER**

## I. Background

On July 6, 2012, United States Magistrate Judge Henry B. Pitman, to whom this matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Court award $11,242.50 in attorneys' fees to Michael Dweck ("Plaintiff") with respect to a default judgment entered against Diana Amadi and Malibu Denim Co. (collectively, "Defendants") on January 25, 2011 for copyright infringement. (Report at 2–3, 14.) Judge Pitman found that (1) $250 per hour is "a reasonable rate for an experienced intellectual property attorney"; (2) $75 per hour is "a reasonable rate for the paralegal's services"; and (3) the overall number of hours for which Plaintiff's counsel has submitted time records is reasonable. (Report at 10–11, 14–15.)

The Report advised that the parties had "fourteen (14) days from receipt of [the] Report to file written objections." (Report at 15.) To date, neither party has filed any objections.

**For the reasons set forth below, the Court adopts the Report in its entirety.**

## II. Standard of Review

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); DeLeon v.

Strack, 234 F.3d 84, 86–87 (2d Cir. 2000); Hounddog Prods., L.L.C. v. Empire Film Grp., Inc., 826 F. Supp. 2d 619, 623 (S.D.N.Y. 2011).  A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Deleon, 234 F.3d at 86–87.

### III. Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted.  Having conducted a review of the Report (and applicable legal authorities), the Court finds that the Report is not clearly erroneous or contrary to law.  See McAllan v. Von Essen, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Pitman found, among other things, that (1) "plaintiff's potential recovery is limited to those fees for which he has submitted time records" (Report at 6); New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) ("any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records."); Harrell v. Van der Plas, No. 08 Civ. 8252, 2009 WL 3756327, at *6 (S.D.N.Y. Nov. 9, 2009); (2) "$250 per hour is a reasonable rate for . . . experienced intellectual property attorney[s]" (Report at 10); Union of Orthodox Jewish Congregations of Am. v. Royal Food Distrib. Ltd. Liab. Co., 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009); (3) "$75 per hour is a reasonable rate for the paralegal's services" (Report at 11); Woods v. Sieger, Ross & Aguire, LLC, 11 Civ. 5698, 2012 WL 1811628, at *5–6 (S.D.N.Y. May 18, 2012); and (4) "the overall number of hours expended is reasonable."  (Report at 14); Saleh v. Francesco, No. 11 Civ. 438, 2011 WL 5513375 at *6 (S.D.N.Y. Nov. 10, 2011).

## IV.  Conclusion & Order

For the reasons stated herein and therein, the Report [# 42] is adopted in its entirety. The Clerk of the Court is respectfully requested to enter a supplemental judgment in the amount of $11,242.50 in attorneys' fees in favor of Plaintiff.

Dated: New York, New York
       July 24, 2012

_____
RICHARD M. BERMAN, U.S.D.J.